# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br>2101 Webster St., Suite 1300<br>Oakland, CA 94612<br><br>Plaintiff,<br><br>v.<br><br>GINA MCCARTHY, in her official capacity as<br>Administrator of the United States Environmental<br>Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>Defendant. | Civ. No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.   INTRODUCTION

1.   The Administrator of the United States Environmental Protection Agency ("Administrator" or " EPA") has failed to perform her non-discretionary duty to grant or deny a petition filed by the Sierra Club on May 3, 2016 (hereinafter "Petition"), asking EPA to object to the air pollution control operating permit (hereinafter "the Permit") issued by the Pennsylvania Department of Environmental Protection ("DEP") under Title V of the Clean Air Act for the Scrubgrass Generating Company L.P. power plant ("Scrubgrass").  *See* 42 U.S.C. § 7661d(b)(2) (authorizing such petitions).

2.   Although more than sixty days have passed, the EPA Administrator has not granted or denied Sierra Club's Petition, in contravention of a mandatory sixty-day deadline for

such action. *See* 42 U.S.C. § 7661d(b)(2). The Administrator is, therefore, in violation of her nondiscretionary duty under the Clean Air Act. Accordingly, Sierra Club seeks a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to grant or deny Sierra Club's Petition by a date certain.

## II.     JURISDICTION

3. The instant action arises under the Clean Air Act, 42 U.S.C. § 7661d(b). This Court has jurisdiction over Sierra Club's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361. The relief requested by Sierra Club is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

## III.    NOTICE

4. By certified letter dated July 7, 2016, Sierra Club provided the Administrator with written notice of Sierra Club's claim concerning EPA's failure to take action on the Petition and of Sierra Club's intent to bring suit to remedy this Clean Air Act violation. Sierra Club provided notice pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3. A copy of this notice is provided as Exhibit A to this Complaint.

## IV.     VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1). A substantial part of the events or omissions giving rise to Sierra Club's claim occurred in the District of Columbia. Defendant Gina McCarthy is an officer of the United States, sued for acts and omissions in her official capacity, and her official residence is in the District of Columbia. In addition, EPA has its principal office in the District of Columbia.

## V.      PARTIES

6. Plaintiff Sierra Club is a "person" within the meaning of 42 U.S.C. § 7602(e). As

such, Sierra Club may commence a civil action under 42 U.S.C. § 7604(a).

7. Sierra Club is the oldest and largest grassroots environmental organization in the United States, with over 635,000 members nationally, including over 25,000 members in Pennsylvania. Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality and source permitting under the Clean Air Act.

8. Plaintiff Sierra Club's interests and its members' interests have been, are being, and will continue to be harmed by the Administrator's failure to act on Sierra Club's May 3, 2016 Petition for objection to the Scrubgrass Title V Permit modification.

9. Sierra Club has members in Pennsylvania whose health, recreational, and environmental interests have been and continue to be adversely affected by the EPA acts and omissions complained of herein. Sierra Club members live, raise their families, work, travel, and recreate in areas where they are exposed to dangerous air pollutants emitted from the Scrubgrass Plant. Such air pollutants, which include sulfur dioxide and acid gases, as well as particulate matter, mercury, and nitrogen oxides, are associated with a variety of adverse health effects and damage to wildlife and vegetation. The Permit upon which Sierra Club's Petition is based purports to authorize Scrubgrass to release such air pollutants, thereby threatening the health of Sierra Club members and adversely impacting their use and enjoyment of the air, environment, wildlife, and scenery.

10. The Administrator's acts and omissions complained of herein cause injury to Sierra Club members by threatening their health and welfare, and by denying them measures and procedures provided under the Clean Air Act to protect their health and welfare from air pollution in places where they live, work, recreate, and conduct other activities. EPA's failure to respond to Sierra Club's Petition creates doubt and concern for Sierra Club members about whether the Scrubgrass Permit complies with the requirements of the Clean Air Act and protects them from exposure to pollutants to the extent required by law.

11. The acts and omissions of EPA alleged herein deprive Sierra Club and its members of procedural rights and protections to which they are entitled. During the permitting process for Scrubgrass, Sierra Club provided comments critical of the Permit's terms and limits. Subsequently, Sierra Club petitioned EPA to object to the issuance of the Permit. The Clean Air Act gives Sierra Club a procedural right to a timely decision on its Petition. EPA's failure to take action on Sierra Club's Petition prevents Sierra Club and its members from challenging an unfavorable EPA decision or from benefiting from a favorable decision on the Petition.

12. The Clean Air Act violations alleged in this Complaint have injured and continue to injure the health, recreational, environmental, organizational, and procedural interests of Sierra Club and its members. Granting the relief requested in this lawsuit would redress these injuries.

13. Defendant Gina McCarthy is the Administrator of the EPA. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Sierra Club's Petition within sixty days. Gina McCarthy is sued in her official capacity.

## VI. LEGAL BACKGROUND

14. The Clean Air Act aims "to protect and enhance the quality of the Nation's air

resources." 42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments to the Clean Air Act created the Title V permit program, an operating permit program that applies to all major sources of air pollution.  *See* 42 U.S.C. §§ 7661-7661f.

15. Major sources of air pollution must obtain a valid Title V operating permit, which records applicable air pollution control requirements in a single document.  *See* 42 U.S.C. §§ 7661a(a), 7661c(a).

16. The Clean Air Act provides that the EPA Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders.  *See* 42 U.S.C. § 7661a(d).  EPA fully approved Pennsylvania's administration of its Title V permit program in 1996.  *See* Clean Air Act Final Full Approval Of Operating Permits Program; Final Approval of Operating Permit and Plan Approval Programs Under Section 112(l); Final Approval of State Implementation Plan Revision for the Issuance of Federally Enforceable State Plan Approvals and Operating Permits Under Section 110; Commonwealth of Pennsylvania, 61 Fed. Reg. 39,597 (July 30, 1996) (codified at 40 C.F.R. § 52.2020(c)); *see also* 40 C.F.R. Part 70, Appendix A, Pennsylvania (a) ("Pennsylvania Department of Environmental Resources [now known as the Pennsylvania Department of Environmental Protection]: submitted on May 18, 1995; full approval effective on August 29, 1996.").

17. Before a state with an approved Title V permit program may issue a Title V permit, the state must forward the proposed Title V permit to EPA.  42 U.S.C. § 7661d(a)(1)(B).  EPA then has forty-five days to review the proposed permit.  42 U.S.C. § 7661d(b).  EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1).

18. After EPA's forty-five day review period expires, "any person may petition the

Administrator within 60 days" to object to the Title V permit.  42 U.S.C. § 7661d(b)(2).

19.  The Clean Air Act requires that "[t]he Administrator <u>shall</u> grant or deny such petition <u>within 60 days</u> after the petition is filed."  42 U.S.C. § 7661d(b)(2) (emphasis added).

20.  If EPA objects to a permit, the permitting authority may not issue the permit unless it is revised.  42 U.S.C. § 7661d(b)(3).  If the permitting authority has issued a permit prior to receipt of an objection by the Administrator, the Administrator shall modify, terminate, or revoke such permit.  *Id.*

21.  If EPA fails to comply with a non-discretionary duty, such as acting on a petition to object within the statutorily mandated timeframe, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty.  *See* 42 U.S.C. § 7604(a).

## VII.  **FACTUAL BACKGROUND**

22.  Scrubgrass is a major stationary source of air pollution located in Kennerdell, Pennsylvania and subject to Title V of the Clean Air Act.  The facility's operation consists primarily of a single waste coal-fired boiler.

23.  On January 23, 2016, DEP noticed a proposed permit modification to the Scrubgrass Title V permit (Permit No. TV 61-00181) in the Pennsylvania Bulletin for incorporation of the Mercury and Air Toxics (MATS) Rule (40 CFR 63, Subpart UUUUU— National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units), initiating a thirty-day public comment period.  *See* 46 Pa.B. 467 (January 23, 2016).  On February 21, 2016, Sierra Club submitted timely comments on the Proposed Permit.

24.  DEP submitted Scrubgrass's proposed Title V permit to EPA for review in accordance with the Clean Air Act.  EPA's forty-five day review period for the proposed permit

began on January 23, 2016, and ended on March 8, 2016.

25. On May 3, 2016, Sierra Club filed a petition requesting that the Administrator object to the issuance of the Scrubgrass Title V permit modification on the basis that it impermissibly grants an additional three-year extension of the compliance deadline for certain aspects of the federal Mercury and Air Toxics (MATS) Rule. Sierra Club's Petition was timely filed within sixty days following the conclusion of EPA's forty-five day review period. *See* 42 U.S.C. § 7661d(b)(2).

26. Sierra Club's Petition was based on objections that were raised with reasonable specificity during the public comment period for the proposed permit, in accordance with 42 U.S.C. § 7661d(b)(2).

27. EPA had sixty days, until July 5, 2016, to grant or deny Sierra Club's Petition. 42 U.S.C. § 7661d(b)(2). As of the date of filing of this complaint, EPA has not yet granted or denied the Petition.

## VIII. CLAIM FOR RELIEF

28. Sierra Club incorporates the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

29. The Administrator had a mandatory duty to grant or deny Sierra Club's Petition within sixty days after it was filed. 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed") (emphasis added).

30. It has been more than sixty days since the Administrator received Sierra Club's May 3, 2016 Petition requesting that EPA object to the Title V Permit modification for Scrubgrass.

31. As of the date of filing this Complaint, the Administrator has not granted or

denied Sierra Club's Petition.

32. Therefore, the Administrator has violated and continues to violate the Clean Air Act, 42 U.S.C. § 7661d(b)(2).

33. This Clean Air Act violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a). The Administrator's violation is ongoing, and will continue unless remedied by this Court.

## IX. REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests this Court enter judgment providing the following relief:

A) A declaration that the Administrator has violated the Clean Air Act by failing to grant or deny Sierra Club's Petition requesting that EPA object to the Title V operating permit for Scrubgrass;

B) An order compelling the Administrator to perform her mandatory duty to grant or deny Sierra Club's Petition for objection to the Title V operating permit for Scrubgrass by an expeditious certain date;

C) An order retaining jurisdiction over this matter until such time as the Administrator has complied with her non-discretionary duty under the Clean Air Act;

D) An order awarding Sierra Club its costs of litigation, including reasonable attorneys' fees; and

E) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 13, 2016             */s/ Kathryn Amirpashaie*

Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
406 Blue Ridge Avenue NE
Leesburg, VA 20176
Tel: (703) 771-8394
kmalawoffice@gmail.com

Zachary M. Fabish
DC Bar Id. No. 986127
The Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20009
Tel: (202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*